CITY OF LORAIN, APPELLEE, *v.* LOZANO
ET AL., APPELLANTS. ■

(Nos. 3718 and 3719—Decided
February 13, 1985.)

*Myron Harkacz,* city prosecutor, for appellee.

*Michael J. Duff,* for appellant Lozano.

*Joseph R. Grunda,* for appellant Guzman.

GEORGE, J. On February 13, 1984, Angel L. Lozano and Hector Guzman were arrested and charged with driving while under the influence of alcohol, in violation of Lorain City Ordinance Section 333.01(A); reckless operation of a vehicle, in violation of Section 333.02(A); and drag racing, in violation of Section 333.07. Lozano was also charged with carrying a concealed weapon and driving while under suspension. However, these last two charges against Lozano were dismissed before trial.

Lozano and Guzman were tried together before a jury. The jury found them guilty on all counts. This court affirms their convictions.

Lozano's Assignment of Error I

"In a criminal case a verdict finding 'in favor of the plaintiff' is defective as a matter of law and no valid conviction can be based thereon."

Guzman's Assignment of Error II

"Whether the trial court erred when it accepted a verdict 'for the plaintiff' in a criminal case."

In this case the trial court submitted verdict forms to the jury which are normally used in civil proceedings. These forms read as follows:

"We, the Jury, being duly impaneled and sworn, find upon the issues in this case in favor of the _____.

"And we do so render our verdict upon the concurrence of all members of our said Jury, that being all of our number. Each of us said Jurors concurring in said verdict signs his name hereto this 6th day of June 1984."

Preferably the trial court should provide counsel with an opportunity to examine the verdict forms before they are submitted to the jury. Normally, this can be accomplished at the same time as counsel and the court review the closing jury instructions. Additionally, it is preferable for the trial court to read the forms to the jury while instructing them on the proper method of completion. In this way, all participants are put on notice as to the contents of the forms submitted for the jury's consideration. See, generally, *State* v. *Blair* (April 26, 1981), Summit App. No. 9918, unreported, at 3. While such judicial prac-

tices are preferable, the trial court's failure to adhere to such practices does not necessarily constitute error.

In this case, this court finds that the use of this form was not prejudicial to Lozano and Guzman. The trial court instructed the jury that it must find Lozano and Guzman guilty beyond a reasonable doubt. Thus, when the jury returned a verdict for the plaintiff (the state) on each count, they were stating they had found Lozano and Guzman guilty beyond a reasonable doubt.

Further, after the jury returned its verdict, Lozano and Guzman requested the trial court to poll the individual jurors, pursuant to Crim. R. 31(D). When they were polled, each juror stated that he found Lozano and Guzman guilty on all counts. This removed any doubt as to the meaning of the jury's verdict. Accordingly, these assignments of error are overruled. * * *

Lozano's and Guzman's convictions are affirmed.

*Judgments affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.