The STATE of Ohio, Appellee,

v.

LAMPKIN, Appellant.

[Cite as *State v. Lampkin* (1996), 116 Ohio App.3d 771.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–96–017.

Decided Dec. 20, 1996.

*Russell V. Leffler,* Huron County Prosecuting Attorney, for appellee.

*Holly B. Bishop,* Huron County Chief Assistant Public Defender, for appellant.

---

SHERCK, Judge.

This is an appeal from a judgment of conviction and imposition of sentence issued by the Huron County Court of Common Pleas, following the return of a jury's guilty verdict on a charge of aggravated assault. Because we conclude that the trial court committed plain error in the submission of the verdict form, we reverse.

Appellant, Charles D. Lampkin, was charged with felonious assault in violation of R.C. 2901.11(A)(1). He was tried and found guilty by a jury of the lesser included offense of aggravated assault in violation of R.C. 2903.12(A). The trial court sentenced appellant to serve a definite prison term of one year.

Appellant now appeals, setting forth the following five assignments of error:

"I. The trial court erred when it ignored defense counsel's request for a jury instruction for misdemeanor assault. The error was prejudicial to the defendant-appellant in violation of his rights guaranteed to him by the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 1, 10, and 16 of the Ohio Constitution.

"II. The trial court erred by including deadly force in the self defense jury instruction. The error was prejudicial to the defendant-appellant in violation of his rights guaranteed to him by the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 1, 10, and 16 of the Ohio Constitution.

"III. The trial court erred in instructing the jury on the charge of aggravated assault, O.R.C. § 2903.12, because the felonious assault charge, O.R.C. § 2903.11(A)(1), did not include the use of a deadly weapon or dangerous ordnance. The error was prejudicial to the defendant-appellant in violation of this rights guaranteed to him by the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 1, 10, and 16 of the Ohio Constitution.

"IV. The trial court erred and abused its discretion in allowing the testimony of an expert witness whose identity was not disclosed until the day of trial over defendant-appellant's objection. The error was prejudicial to the defendant-appellant in violation of his rights guaranteed to him by the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 1, 10, and 16 of the Ohio Constitution.

"V. The jury's verdict of guilty of aggravated assault is contrary to law. The jury failed to find all the essential elements of the offense and the findings in the verdict form do not constitute the offense of aggravated assault."

We will address appellant's fifth assignment of error, in which he argues that the jury's verdict was contrary to law because the verdict form failed to include the essential elements of the offense of aggravated assault. Since appellant failed to object to the jury verdict form at trial, we must consider this issue under the doctrine of plain error.

Failure to object to an error in the trial court in a criminal proceeding precludes the issue from being raised on appeal, unless the issue rises to the level of plain error. See *State v. Underwood* (1983), 3 Ohio St.3d 12, 13, 3 OBR 360, 360–361, 444 N.E.2d 1332, 1333; *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804. Plain error is an obvious error or defect in the trial court proceedings, affecting substantial rights, where, but for the error, the outcome of the trial court clearly would have been otherwise. *State v. Underwood, supra; State v. Long, supra.* See, also, Crim.R. 52(B).

In order to find an accused guilty of aggravated assault, a jury must find that the state has proved all the essential elements of R.C. 2903.12(A), which provides:

"No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

"(1) Cause serious physical harm to another."

■ In the present case, the trial court, in what appears to be a novel approach,[1] not only identified the charge on the verdict form by name, but also attempted to describe the offense by reciting its statutory language. The completed form, as it appears in the record, reads as follows:

"We, the Jury, find the defendant *Guilty of Aggravated Assault (causing serious physical harm to another while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim or others)."

The essential elements of "knowingly" and "using deadly force" were omitted from the definition of aggravated assault on the verdict form.

Appellee argues that the error is harmless, since the trial court properly included and defined the missing elements in its instructions to the jury.

■ We cannot agree that the trial court's jury instruction cured any defect in the verdict form. The verdict form, on its face, does not indicate that the jury considered and found appellant guilty of all the essential elements of aggravated assault. At the very least, crucial inconsistencies existed between the instructions and the form, inconsistencies that cannot be sanctioned. Therefore, we hold that when a court submits a verdict form containing a statutory description of the offense, it commits reversible error if the description omits essential elements of that offense. In this case, we conclude that the omission of two essential elements of the offense on the verdict form rises to the level of plain error.

Accordingly, appellant's fifth assignment of error is well taken. All remaining assignments of error are therefore rendered moot.

The conviction and sentence entered by the Huron County Court of Common Pleas is reversed. Court costs of this appeal are assessed to appellee.

*Judgment reversed.*

MELVIN L. RESNICK, P.J., and GREY, J., concur.

---

1. We can find nothing which requires or suggests that the statutory definition of an offense be included on a jury verdict form. See 4 Ohio Jury Instructions (1996), Section 413.50. In fact, we highly disapprove of the inclusion of the statutory definition, as it simply invites confusion and error.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.