OPINION
{¶ 1} Appellant Torrence Hobbs appeals his conviction in the Richland County Common Pleas Court on three counts of non-support of a dependent in violation of R.C. 2919.21. The following facts give rise to this appeal.
 {¶ 2} Appellant is the biological father of a daughter born on March 13, 1995. On July 13, 1999, the Richland County Domestic Relations Court ordered appellant to pay child support for his daughter in the amount of $50.00 per month effective March 12, 1999. This order was modified on December 18, 2003. The order increased the monthly support to $160.50 effective December 1, 2003.
 {¶ 3} On October 3, 2007, the Richland County Grand Jury indicted appellant on three counts of nonsupport of dependents in violation of R.C. 2919.21(B), a felony of the fifth degree. The first count alleged that appellant failed to support a dependent from January 1, 2002 to January 1, 2004. The second count alleged nonsupport from January 1, 2004 to January 1, 2006. The third count alleged nonsupport from January 1, 2006 to September 3, 2007.
 {¶ 4} R.C. 2919.21(B) states: "No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
 {¶ 5} R.C. 2919.21(D) states: "It is an affirmative defense to * * * a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means." *Page 3 
 {¶ 6} In addition, R.C. 2919.21(G)(1) states that a violation of R.C. 2919.21(B) is a misdemeanor of the first degree but if the offender has failed to provide support for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks is consecutive, then a violation of R.C. 2919.21(B) is a felony of the fifth degree.
 {¶ 7} Appellant pleaded not guilty to the charges on October 9, 2007. A jury trial was held on November 8, 2007. At the conclusion of the testimony, the trial court instructed the jury including an instruction on the affirmative defense of inability to pay, as set forth in R.C. 2919.21(D). Tr. 129-132. The trial court then read the verdict form to the jury and explained the purpose of the form. Tr. 133-135. The verdict form did not include reference to the affirmative defense of inability to pay. Appellant's counsel did not object to the verdict form. The jury returned a guilty verdict on all three counts. The trial court imposed a sentence of eleven months on each count to be served consecutively.
 {¶ 8} Appellant now appeals raising a single Assignment of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN FAILING TO INCLUDE THE AFFIRMATIVE DEFENSE OF INABILITY TO PAY ON THE JURY VERDICTS (SIC) FORM SUBMITTED TO THE JURY."
 {¶ 10} Appellant contends that the trial court committed error when it failed to include the affirmative defense of inability to pay on the jury verdict form submitted to the jury. Appellant concedes there was no objection made at trial to the verdict form submitted to the jury, and therefore argues that the failure to include the affirmative defense constitutes plain error. *Page 4 
 {¶ 11} Crim. R. 52(B) states "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court in State v. Barnes,94 Ohio St.3d 21, 759 N.E.2d 1240, 2002-Ohio-68, explained the plain error rule. "By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. State v. Hill (2001), 92 Ohio St.3d 191,200, 749 N.E.2d 274, 283 (observing that the "first condition to be met in noticing plain error is that there must be error"), citing UnitedStates v. Olano (1993), 507 U.S. 725, 732, 113 S.Ct. 1770, 1776,123 L.Ed.2d 508, 518 (interpreting Crim. R. 52[B]'s identical federal counterpart, Fed.R.Crim.P. 52[b]). Second, the error must be plain. To be `plain' within the meaning of Crim. R. 52(B), an error must be an `obvious' defect in the trial proceedings. State v. Sanders (2001),92 Ohio St.3d 245, 257, 750 N.E.2d 90, 111, citing State v. Keith (1997),79 Ohio St.3d 514, 518, 684 N.E.2d 47, 54; see, also, Olano,507 U.S. at 734, 113 S.Ct. at 1777, 123 L.Ed.2d at 519 (a plain error under Fed.R.Crim.P. 52[b] is "`clear' or, equivalently, `obvious'" under current law). Third, the error must have affected `substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial. See,e.g., Hill, 92 Ohio St.3d at 205, 749 N.E.2d at 286; State v.Moreland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899; State v.Long (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph two of the syllabus." Id. at 27.
 {¶ 12} The Ohio Supreme Court admonished that plain error "is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest *Page 5 
miscarriage of justice." Barnes at 27, quoting State v. Long (1978), 53 Ohio St.32d 91, 372 N.E.2d 804; See also, State v. Landrum (1990),53 Ohio St.3d 107, 559 N.E.2d 710.
 {¶ 13} Crim R. 31(A) requires that a verdict "* * * be unanimous. It shall be in writing, signed by all jurors concurring therein, and returned by the jury to the judge in open court." Further R.C. 2945.75(A)(2) requires that "[a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."
 {¶ 14} In the case sub judice, the verdict form included lines for the jurors to check on each count as to whether the prosecutor proved or failed to prove appellant "failed to provide support for a total accumulated period of at least 26 weeks out of this two-year period", which is the felony enhancement provision under R.C. 2919.21(G) and demonstrates compliance with R.C. 2945.75(A)(2). See, Jury Verdict, dated November 8, 2007.
 {¶ 15} However, appellant contends that Ohio Jury Instruction 413.05 also requires that the jury verdict form include the affirmative defense of inability to pay. We find this argument to be misplaced because Ohio Jury Instructions are jury instructions, not verdict forms. The trial court instructed the jury on the affirmative defense of inability to pay. Tr. 129-132. We presume the jury followed the jury instructions.State v. Loza (1994), 71 Ohio St.3d 61, 79, 641 N.E.2d 1082.
 {¶ 16} In further support his argument Appellant cites Lorain v.Lozano (1985), 21 Ohio App.3d 173, 486 N.E.2d 1244 and State v.Lampkin (1996), *Page 6 116 Ohio App.3d 771, 689 N.E.2d 106, however, we find these cases to be distinguishable. Neither case specifically addressed the issue whether affirmative defenses were required to be listed on the verdict form.
 {¶ 17} In Lozano, the Ninth District Court of Appeals held that there was no error where the jury returned a verdict for the "plaintiff" rather than the State or the City of Lorain in the underlying criminal case. Lozano at 174. In Lampkin, the Sixth District Court of Appeals found plain error when the trial court submitted a verdict form containing the statutory description of the offense but omitted the essential elements of the offense on the verdict form. However, the court stated in Lampkin: "[w]e can find nothing which requires or suggests that the statutory definition of the offense be included on a jury verdict form" and only found error because the trial court took the "novel approach" of attempting to describe the offense by reciting statutory language. Id. at fn.1. Upon review, we find neither case is dispositive of the issue before this Court.
 {¶ 18} In this appeal, appellant has not established a deviation from a legal rule, and we have found nothing which requires or suggests that an affirmative defense be set forth on the verdict form. Accordingly, we find the trial court's omission of the affirmative defense of inability to pay on the verdict form was not error.
 {¶ 19} Appellant's assignment of error is overruled. *Page 7 
 {¶ 20} Accordingly, we affirm the judgment of the Richland County Common Pleas Court.
 Delaney, J., Gwin, P.J. and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.