French, J.,
dissenting.
{¶ 30} The majority erases the jury’s guilty verdict for one reason: the verdict did not recite each and every element of the offense charged. Because there is *525 no such requirement, and certainly none in R.C. 2945.75(A)(2), I respectfully dissent.
{¶ 31} At the outset, there is no constitutional or statutory right to a guilty verdict reciting every element of an offense. To the contrary, criminal law has long disfavored the practice of supplementing general verdicts with special verdicts, special interrogatories, or special findings. “Juries at the time of the framing could not be forced to produce mere ‘factual findings,’ but were entitled to deliver a general verdict pronouncing the defendant’s guilt or innocence.” United States v. Gaudin, 515 U.S. 506, 513, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). The practice of requiring more than a general verdict is relatively new and fraught with risks. Special findings can- “limit jury independence,” 6 LaFave, Criminal Procedure, Section 24.10(a), at 714 (3d Ed.2007), “invite[ ] confusion and error,” State v. Lampkin, 116 Ohio App.3d 771, 774, 689 N.E.2d 106 (6th Dist.1996), fn. 1, and pose a “danger of * * * shifting or weakening * * * the government’s burden of proof,” United States v. Wilson, 629 F.2d 439, 442 (6th Cir.1980). The jury instructions are what define the elements of an offense, see R.C. 2945.11, but there is simply “no requirement that the statutory definition of an offense be included on the verdict form.” State v. Martin, 2d Dist. Montgomery No. 22744, 2009-Ohio-5303, 2009 WL 3183122, ¶ 8.
{¶ 32} R.C. 2945.75 contains a narrow exception to the preference for general verdicts, one that applies only “[w]hen the presence of one or more additional elements makes an offense one of more serious degree.” R.C. 2945.75(A). If such an additional degree-raising element is involved, the jury’s guilty verdict “shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present.” R.C. 2945.75(A)(2). Because the guilty verdict in this case did not state the degree of the offense, the question is whether the verdict sufficiently stated that the additional elements making the offense a third-degree felony were present.
{¶ 33} At issue here is the failure-to-comply statute, R.C. 2921.331, which identifies two base-level offenses: a division (A) violation — i.e., “failfure] to comply with any lawful order or direction of any police officer” — and a division (B) violation — i.e., “operating] a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person’s motor vehicle to a stop.” Both violations are first-degree misdemeanors, but a division (B) violation will rise to a third-degree felony if the jury finds that “[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.” R.C. 2921.331(C)(5)(a)(ii). Therefore, the “substantial risk” element in R.C. 2921.331(C)(5)(a)(ii) is an additional element that raises a division (B) violation to a third-degree felony.
*526 J.B. Collier Jr., Lawrence County Prosecuting Attorney, and Brigham M. Anderson, Assistant Prosecuting Attorney, for appellee.
The Owen Law Firm, L.L.C., Benjamin A. Tracy, and Todd A. Long, for appellant.
{¶ 34} Here, the single-count indictment alleged only a division (B) violation, including the degree-raising “substantial risk” element in R.C. 2921.331(C)(5)(a)(ii). The trial court instructed the jury on the elements of a division (B) violation and the degree-raising “substantial risk” element. The jury returned a guilty verdict, which included a finding that McDonald “Caused A Substantial Risk of Serious Physical Harm To Persons or Property.” Because the only degree-raising element was the “substantial risk” element in R.C. 2921.331(C)(5)(a)(ii), and because the jury’s guilty verdict explicitly found that element, I conclude that the jury’s verdict was sufficient to support a third-degree felony.
{¶ 35} According to the majority, however, the jury’s verdict violated R.C. 2945.75(A)(2) because it did not recite every element of a division (B) violation. But division (B) does not identify any “additional element” of the offense, nor does it identify elements that raise the degree of the offense. The only other base-level offense identified in the statute is a violation of division (A), which the majority concedes is a “separate violation[ ].” Majority opinion at ¶ 5. The elements that distinguish division (B) from division (A) are not degree-raising elements. By holding otherwise, the majority has relied on an unprecedented interpretation of R.C. 2945.75(A)(2), one that will apply to any statute that identifies two or more alternative forms of an offense.
{¶ 36} The majority finds an R.C. 2945.75(A)(2) violation where I find none. I would answer the certified-conflict question in the affirmative and affirm the judgment of the court of appeals. Therefore, I respectfully dissent.