THE STATE OF OHIO, APPELLEE, *v*. MCDONALD, APPELLANT.

[Cite as *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042.]

*Criminal procedure—R.C. 2945.75—Requirements for verdicts indicating enhanced degree of offense—R.C. 2921.331.*

(No. 2012-1177—Submitted March 13, 2013—Decided November 20, 2013.)

CERTIFIED by the Court of Appeals for Lawrence County, No. 11CA1, 2012-Ohio-1528.

_____

PFEIFER, J.

{¶ 1} In this case, which involves a felony enhancement for failure to comply with the signal or order of a police officer under R.C. 2921.331(C)(5)(a)(ii), we consider whether a jury's verdict complies with the requirements of R.C. 2945.75. Specifically, we consider whether a jury verdict that includes a finding of "substantial risk of serious physical harm to persons or property," the enhancement element of R.C. 2921.331(C)(5)(a)(ii), is sufficient to sustain a third-degree-felony conviction for a violation of R.C. 2921.331(B) when the verdict fails to set forth the degree of the offense and also fails to refer to or include language from R.C. 2921.331(B). Pursuant to R.C. 2945.75, we find that such a verdict supports only a misdemeanor conviction.

Factual and Procedural Background

{¶ 2} On September 30, 2010, Coal Grove Police Department officer Gleo Runyon observed appellant, Scotty R. McDonald, driving a motor vehicle at a high rate of speed on U.S. Route 52. It was 3:00 a.m. McDonald was headed west toward Ironton and, by Runyon's radar, was traveling at 112 miles per hour. Officer Runyon activated his lights and began to pursue McDonald. McDonald exited Route 52 at Marion Pike—about a mile down the road from where Runyon

first saw him—and headed toward Ironton. Runyon testified that during the pursuit, McDonald traveled at a high rate of speed through the town of Ironton, at times in excess of 80 miles per hour, running through stoplights and stop signs. McDonald passed at least one establishment that had people gathered outside. McDonald eventually came to a stop and was arrested and transported to the Ironton Police Department. He was given a breath test that indicated a breath-alcohol level of over twice the legal limit.

{¶ 3} The grand jury indicted McDonald on a single, third-degree-felony count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii). The indictment read:

> Scotty R. McDonald, on or about September 30, 2010, at Lawrence County, Ohio, did operate a motor vehicle * * * so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop, and the operation of the motor vehicle caused substantial risk of serious physical harm to persons or property, in violation of Section 2921.331(B)(C)(5)(a)(ii) ["(B)(C)" sic] of the Revised Code.

R.C. 2921.331

{¶ 4} R.C. 2921.331 sets forth a range of violations of varying degrees for failure to comply with the order or signal of a police officer, spanning in severity from first-degree misdemeanors to third-degree felonies. The statute provides:

(A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.

(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.

(2) A violation of division (A) of this section is a misdemeanor of the first degree.

(3) Except as provided in divisions (C)(4) and (5) of this section, a violation of division (B) of this section is a misdemeanor of the first degree.

\* \* \*

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

\* \* \*

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

{¶ 5} R.C. 2921.331(C)(1) names two separate activities—defined in subsections (A) and (B) of the statute—as "failure to comply with an order or signal of a police officer."   But R.C. 2921.331(A) and (B) describe separate violations; R.C. 2921.331(A) prohibits the failure to comply with any lawful order of a police officer, whereas R.C. 2921.331(B) prohibits willfully fleeing or

eluding a police officer after receiving a signal to stop. Although both are denominated by R.C. 2921.331(C) as "failure to comply with an order or a signal of a police officer," the potential penalties for each are significantly different. Under R.C. 2921.331(C)(2), a violation of subsection R.C. 2921.331(A) constitutes a misdemeanor. Under R.C. 2921.331(C)(3), a violation of subsection R.C. 2921.331(B) also constitutes a misdemeanor except under certain circumstances; for instance, as relevant in this case, under R.C. 2921.331(C)(5)(a)(ii), a violation of R.C. 2921.331(B) is a felony of the third degree if the operation of the motor vehicle caused a substantial risk of serious harm to persons or property.

## Verdict Form and Verdict

**{¶ 6}** McDonald was tried in the Lawrence County Court of Common Pleas. The jury was presented with two verdict forms, one of which read:

> We, the jury, find the Defendant, Scotty R. McDonald, (Guilty or Not Guilty) of Count One: Failure to Comply with Order or Signal of Police Officer And Caused A Substantial Risk of Serious Physical Harm To Persons or Property.

**{¶ 7}** A second verdict form submitted to the jury also referred to the offense of failure to comply with the order or signal of a police officer, but without the element of "substantial risk of serious physical harm to persons or property."

**{¶ 8}** The jury returned the first verdict form with a guilty finding. The court, concluding that the jury had convicted McDonald of a felony for violating R.C. 2921.331(B) and 2921.331(C)(5)(a)(ii), sentenced McDonald to four years in prison.

4

Appeal

**{¶ 9}** McDonald appealed, arguing that pursuant to R.C. 2945.75, the verdict form at trial was deficient because it failed either to set out the degree of the offense or to list all the aggravating circumstances that elevated from a misdemeanor to a felony the crime of failure to comply with an order or signal of a police officer. R.C. 2945.75(A)(2) provides as follows:

> (A) When the presence of one or more additional elements makes an offense one of more serious degree:
>
> * * *
>
> (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

**{¶ 10}** McDonald argued that the verdict form the jury signed failed to state that he had "willfully * * * elude[d] or fle[d] a police officer after receiving a visible or audible signal from a police officer to bring [his] motor vehicle to a stop" as set forth in R.C. 2921.331(B). McDonald argued that only a violation of R.C. 2921.331(B) provides the necessary predicate for a felony punishment pursuant to R.C. 2921.331(C)(5)(a)(ii) and that the verdict form failed to include the jury's finding on the elements of R.C. 2921.331(B).

**{¶ 11}** The court of appeals affirmed the trial court. The court held:

> [I]t is not the element of "willfully" fleeing or eluding that elevates the crime from a first degree misdemeanor to a third degree felony but, rather, the fact that the defendant is causing a substantial risk

of physical harm to person/property. Because that language from the statute was included in the jury verdict, we conclude that the verdict complied with R.C. 2945.75 and [*State v.*] *Pelfrey* [112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735].

2012-Ohio-1528, 2012 WL 1142677, ¶ 9.

{¶ 12} The appellate court recognized that its opinion was directly at odds with that of the Third District Court of Appeals in a case with similar facts, *State v. Schwable*, 3d Dist. Henry No. 7-09-03, 2009-Ohio-6523, 2009 WL 4756435, and certified a conflict to this court. This court agreed that a conflict exists and ordered briefing on the following issue:

Is the inclusion of the "substantial risk of serious physical harm to persons or property" language from R.C. 2921.331(C)(5)(a)(ii) sufficient to sustain a third-degree-felony conviction for a violation of R.C. 2921.331(B) when the verdict fails to set forth the degree of the offense and also fails to reference or include language from R.C. 2921.331(B)?

132 Ohio St.3d 1512, 2012-Ohio-4021, 974 N.E.2d 111.

Law and Analysis

{¶ 13} In *Pelfrey*, this court addressed the specificity that R.C. 2945.75 requires in verdict forms in cases in which the degree of an offense becomes more serious with the presence of additional elements. The court held:

[P]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating

element has been found to justify convicting a defendant of a greater degree of a criminal offense.

*Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 14.

{¶ 14} This court called R.C. 2945.75 "a clear and complete statute" that "certainly imposes no unreasonable burden on lawyers or trial judges." *Id.* at ¶ 12. Its dictates are simple, and the resolution of cases that do not meet its requirements is also straightforward: "The statute provides explicitly what must be done by the courts [when R.C. 2945.75(A)(1) is not followed]: the 'guilty verdict constitutes a finding of guilty of the least degree of the offense charged.' R.C. 2945.75(A)(2)." *Id.* at ¶ 13.

{¶ 15} In *Pelfrey*, the defendant was an employee of an auto-emissions-testing company that had a contract with the state of Ohio. Pelfrey was allegedly involved in a scheme in which, for cash, he would provide fraudulent waivers for vehicles that had actually failed an emissions test. He was charged with tampering with records, in violation of R.C. 2913.42; that statute provides for an enhanced charge of a third-degree felony when the tampering involves government records. R.C. 2913.42(B)(4). A jury found Pelfrey guilty, and he was sentenced to four years in prison on the third-degree-felony conviction.

{¶ 16} However, the verdict form signed by Pelfrey's jury failed to set forth either the degree of the offense he was convicted of or that the records involved were government records. *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶ 13. Since the fact that the records tampered with were government records elevated the crime from a misdemeanor under R.C. 2913.42(B)(2)(a) to a third-degree felony under R.C. 2913.42(B)(4), the failure of the verdict form to mention that crucial element—or that Pelfrey was found guilty of a third-degree felony—meant that, pursuant to R.C. 2945.75(A)(2), Pelfrey

could be convicted only of misdemeanor records tampering on the jury's finding of guilt.

{¶ 17} *Pelfrey* makes clear that in cases involving offenses for which the addition of an element or elements can elevate the offense to a more serious degree, the verdict form itself is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed.

> Because the language of R.C. 2945.75(A)(2) is clear, this court will not excuse the failure to comply with the statute or uphold [a] conviction based on additional circumstances * * *. The express requirement of the statute cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form. We hold that pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.

*Pelfrey* at ¶ 14.

{¶ 18} Thus, in this case, which involves a criminal statute in which the addition of certain elements enhances the crime of failure to comply with the order or signal of a police officer, we look only to the verdict form signed by the

jury to determine whether, pursuant to R.C. 2945.75, McDonald was properly convicted of a third-degree felony.

{¶ 19} To properly convict McDonald of a violation of R.C. 2921.331(B) as enhanced by R.C. 2921.331(C)(5)(a)(ii), the verdict would have to either state that McDonald was guilty of a third-degree felony or set forth the additional elements that transform the failure to comply with the order or signal of a police officer from a misdemeanor to a third-degree felony. There is no dispute that the verdict at issue failed to state that McDonald was guilty of a third-degree felony. The dispute in this case is whether the verdict sufficiently set forth the elements that led to a felony conviction. We hold that the verdict in this case was deficient in that regard.

{¶ 20} The verdict form stated that the jury found McDonald guilty of "Failure to Comply with Order or Signal of Police Officer And Caused A Substantial Risk of Serious Physical Harm To Persons or Property." As stated above, "failure to comply with an order or signal of a police officer" is the name of a violation of either R.C. 2921.331(A)—a general failure to comply with the order of a police officer—or R.C. 2921.331(B)—willful flight in a motor vehicle from a police officer. Only a violation of R.C. 2921.331(B) can be the basis of an enhancement under R.C. 2921.331(C)(5)(a)(ii) for creating a substantial risk of injury or damage to property.

{¶ 21} A violation of R.C. 2921.331(B) can also serve as the predicate for a fourth-degree felony under R.C. 2921.331(C)(4) if the offender was fleeing from an officer immediately after the commission of a felony, or for a third-degree felony under R.C. 2921.331(C)(5)(a)(i) if the operation of the vehicle "was a proximate cause of serious physical harm to persons or property." And it makes sense that a violation of R.C. 2921.331(B) should be the gateway to more serious vehicular offenses, since in comparison to R.C. 2921.331(A), it involves more significant criminal activity. R.C. 2921.331(A) can apply to an offender who is

not even in an automobile and who simply ignores an officer's traffic signal. R.C. 2921.331(B), on the other hand, requires the operation of a motor vehicle and the willful eluding or fleeing from a police officer after receiving a visible or audible signal to stop, a purposeful flouting of a police officer's signal and an attempt to escape.

**{¶ 22}** The only path to a felony conviction for failure to comply with the order or signal of a police officer is through R.C. 2921.331(B). If only one type of failure to comply can lead to a felony, the particular elements of that type of failure to comply constitute one part of R.C. 2945.75's "one or more additional elements [that] make[ ] an offense one of more serious degree." The first element of a felony charge under R.C. 2921.331 is that the failure to comply involved willful elusion or flight from a police officer. Without that element, there can be no felony.

**{¶ 23}** The verdict form in this case does not indicate that the elements of R.C. 2921.331(B) are implicated. Therefore, the verdict form the jury signed does not set forth the additional elements that enhance the crime of failure to comply from a misdemeanor to a felony; it therefore supports only a misdemeanor conviction.

**{¶ 24}** If the jury had believed that McDonald had simply failed to comply with the order of Officer Runyon but did not see or hear the signal or intentionally flee him, but in failing to comply managed to create a substantial risk to injury to persons or property, the very verdict form used in this case would have fit that conclusion. And that conclusion would have yielded a misdemeanor, because it would have reflected only a violation of R.C. 2921.331(A). That verdict form and a verdict form supporting a felony cannot be identical; a felony verdict form—if it does not state the degree of the offense—must state the elements that distinguish it from a misdemeanor offense.

{¶ 25} The jury found that McDonald was guilty of failure to comply with the order or signal of a police officer. Its further finding that McDonald had caused a substantial risk of serious physical harm to persons or property was superfluous without a finding that the risk occurred when McDonald was in willful flight from a police officer. Thus, pursuant to R.C. 2945.75(A)(2), the verdict form in this case yields a guilty verdict that "constitutes a finding of guilty of the least degree of the offense charged," that is, a first-degree misdemeanor pursuant to R.C. 2921.331(C)(3).

{¶ 26} Accordingly, we reverse the judgment of the court of appeals and remand the cause for the trial court to enter a judgment convicting McDonald of failure to comply with the order or signal of a police officer as a first-degree misdemeanor.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents and would affirm the judgment of the court of appeals and answer the certified-conflict question in the affirmative.

FRENCH, J., dissents.

_____

**LANZINGER, J., concurring.**

{¶ 27} It is misleading for the dissent to suggest that there is now a requirement for a verdict form to recite each and every element of the offense charged.

{¶ 28} The jury verdict in this case was inartfully worded, finding McDonald guilty of "Failure to Comply with Order or Signal of Police Officer And Caused A Substantial Risk of Serious Physical Harm To Persons or Property." It is true that the court's instructions at trial would have defined the elements of the offense for the jury. R.C. 2945.11 ("In charging the jury, the court

must state to it all matters of law necessary for the information of the jury in giving its verdict"). But the jury itself determines the facts. The United States Supreme Court has clearly held that a court may not usurp the fact-finding of a jury through judicial findings. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We have also acknowledged that principle. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. And as the majority opinion notes in this case, the jury verdict, as it is stated, fits a conclusion that would support only a misdemeanor violation under R.C. 2921.331(A).

{¶ 29} The majority holds simply that the jury's verdict must identify specifically the offense of which the defendant is found guilty: a reference to R.C. 2921.331(B) and (C)(5)(a)(ii) would have been sufficient, as would a reference to the degree of the offense as a felony of the third degree. This is a simple application of *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus. I respectfully concur.

———————————

**FRENCH, J., dissenting.**

{¶ 30} The majority erases the jury's guilty verdict for one reason: the verdict did not recite each and every element of the offense charged. Because there is no such requirement, and certainly none in R.C. 2945.75(A)(2), I respectfully dissent.

{¶ 31} At the outset, there is no constitutional or statutory right to a guilty verdict reciting every element of an offense. To the contrary, criminal law has long disfavored the practice of supplementing general verdicts with special verdicts, special interrogatories, or special findings. "Juries at the time of the framing could not be forced to produce mere 'factual findings,' but were entitled to deliver a general verdict pronouncing the defendant's guilt or innocence." *United States v. Gaudin*, 515 U.S. 506, 513, 115 S.Ct. 2310, 132 L.Ed.2d 444

(1995). The practice of requiring more than a general verdict is relatively new and fraught with risks. Special findings can "limit jury independence," 6 LaFave, *Criminal Procedure*, Section 24.10(a), at 714 (3d Ed.2007), "invite[] confusion and error," *State v. Lampkin*, 116 Ohio App.3d 771, 774, 689 N.E.2d 106 (6th Dist.1996), fn. 1, and pose a "danger of * * * shifting or weakening * * * the government's burden of proof," *United States v. Wilson*, 629 F.2d 439, 442 (6th Cir.1980). The jury instructions are what define the elements of an offense, *see* R.C. 2945.11, but there is simply "no requirement that the statutory definition of an offense be included on the verdict form." *State v. Martin*, 2d Dist. Montgomery No. 22744, 2009-Ohio-5303, ¶ 8.

{¶ 32} R.C. 2945.75 contains a narrow exception to the preference for general verdicts, one that applies only "[w]hen the presence of one or more additional elements makes an offense one of more serious degree." R.C. 2945.75(A). If such an additional degree-raising element is involved, the jury's guilty verdict "shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present." R.C. 2945.75(A)(2). Because the guilty verdict in this case did not state the degree of the offense, the question is whether the verdict sufficiently stated that the additional elements making the offense a third-degree felony were present.

{¶ 33} At issue here is the failure-to-comply statute, R.C. 2921.331, which identifies two base-level offenses: a division (A) violation—i.e., "fail[ure] to comply with any lawful order or direction of any police officer"—and a division (B) violation—i.e., "operat[ing] a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Both violations are first-degree misdemeanors, but a division (B) violation will rise to a third-degree felony if the jury finds that "[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." R.C.

2921.331(C)(5)(a)(ii). Therefore, the "substantial risk" element in R.C. 2921.331(C)(5)(a)(ii) is an additional element that raises a division (B) violation to a third-degree felony.

{¶ 34} Here, the single-count indictment alleged only a division (B) violation, including the degree-raising "substantial risk" element in R.C. 2921.331(C)(5)(a)(ii). The trial court instructed the jury on the elements of a division (B) violation and the degree-raising "substantial risk" element. The jury returned a guilty verdict, which included a finding that McDonald "Caused A Substantial Risk of Serious Physical Harm To Persons or Property." Because the only degree-raising element was the "substantial risk" element in R.C. 2921.331(C)(5)(a)(ii), and because the jury's guilty verdict explicitly found that element, I conclude that the jury's verdict was sufficient to support a third-degree felony.

{¶ 35} According to the majority, however, the jury's verdict violated R.C. 2945.75(A)(2) because it did not recite every element of a division (B) violation. But division (B) does not identify any "additional element" of the offense, nor does it identify elements that raise the degree of the offense. The only other base-level offense identified in the statute is a violation of division (A), which the majority concedes is a "separate violation[]." Majority opinion at ¶ 5. The elements that distinguish division (B) from division (A) are not degree-raising elements. By holding otherwise, the majority has relied on an unprecedented interpretation of R.C. 2945.75(A)(2), one that will apply to any statute that identifies two or more alternative forms of an offense.

{¶ 36} The majority finds an R.C. 2945.75(A)(2) violation where I find none. I would answer the certified-conflict question in the affirmative and affirm the judgment of the court of appeals. Therefore, I respectfully dissent.

_____

J.B. Collier Jr., Lawrence County Prosecuting Attorney, and Brigham M. Anderson, Assistant Prosecuting Attorney, for appellee.

The Owen Law Firm, L.L.C., Benjamin A. Tracy, and Todd A. Long, for appellant.

_____