[Cite as *State v. Smith*, 2014-Ohio-5048.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MA 172 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| TIMOTHY D. SMITH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Appellant's Motion for Delayed
Reopening
Case No. 09 CR 619

JUDGMENT:     Denied.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:     Timothy D. Smith, Pro se
#593-376
Noble Correctional Institution
15708 McConnellsville Road
Caldwell, Ohio  43724

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  November 7, 2014

WAITE, J.

{¶1} On June 11, 2014, Appellant Timothy D. Smith filed a delayed application to reopen this Court's judgment in *State v. Smith*, 7th Dist. No. 10 MA 172, 2012-Ohio-2722 in which we affirmed his convictions on aggravated robbery, kidnapping, and failure to comply with an order or signal of a police officer while fleeing the commission of a felony. App.R. 26(B) requires that applications for reopening be filed within ninety days of the journalization of the appellate judgment or provide good cause to explain the delay. The decision affirming Appellant's convictions was journalized on June 13, 2012. Appellant's application was filed approximately two years beyond the ninety-day period. Appellant offers no explanation for the delay.

{¶2} An explanation containing good cause for any delay in filing an application for reopening is required by App.R. 26(B)(2):

An application for reopening shall contain all of the following:

* * *

(b)  A showing of good cause for untimely filing if the application is filed

more than ninety days after journalization of the appellate judgment.

Where an applicant does not comply with App.R. 26 the application is considered to be incomplete and we need not reach its merits. *State v. Reddick*, 72 Ohio St.3d 88, 64 N.E.2d 784 (1995) (Appellant must show good cause, Appellant did not show good cause and court of appeals correctly denied his application to reopen appeal).

**{¶3}** Appellant bases his application for reopening on a claim of ineffective assistance of counsel, citing *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042 and *State v. Morgan*, 2010-Ohio-461 as they pertain to alleged defects in verdict forms. Appellant has attached copies of some of the verdict forms used in his trial. Even if Appellant had filed a timely request for reopening, it does not present a colorable claim of ineffective assistance of appellate counsel. *Reddick*, *supra*; *McDonald*, *supra*. When evaluating the effectiveness of appellate counsel, we are to determine whether counsel's performance fell below an objective standard of reasonableness and whether there is reasonable probability the result of the appeal would have been different but for serious error. See *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶10-11, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant has the burden of demonstrating a "genuine issue" and establishing a "colorable claim" of ineffective assistance of appellate counsel. *Id.* at ¶11.

**{¶4}** In conducting this evaluation, we bear in mind that appellate counsel has the discretion to choose which issues to address on appeal and need not raise every possible issue in order to render constitutionally effective assistance. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). This discretion is necessary because an attempt to raise every possible issue in the limited page allowance may very well result in dilution of the force of the stronger arguments. *Id.* at 751-752. "Experienced advocates since time beyond memory have emphasized

the importance of winnowing out weaker arguments on appeal". *Id.* at 751. Counsel's decision as to this issue is entitled to strong deference as there is a wide range of reasonable professional assistance. *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, ¶8.

{¶5} Assuming we could reach the merits here, Appellant's argument that counsel rendered ineffective assistance by electing to challenge the sufficiency and the weight of the evidence against him rather than the form of the verdict sheets clearly fails. The defect addressed by the Supreme Court in *McDonald* is patently absent from this record. In *McDonald*, the requisite finding as to the possibility of physical harm was not separately submitted to the jury. In Appellant's case, the finding that Appellant was fleeing the commission of a robbery and/or kidnapping was, in fact, separately submitted to the jury. Counsel is not required to make futile arguments and there is no indication in this record that this argument could be successful. *State v. Noling*, 98 Ohio St.3d 44, 781 N.E.2d 88 (2002).

{¶6} A review of Appellant's application reflects the absence of an explanation of good cause for the two-year delay in filing. Appellant's untimely motion for reopening is denied.

Waite, J., concurs.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.