[Cite as *State v. Johnson*, 2016-Ohio-781.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO.  C-120250 |
| | | TRIAL NO.  B-1105638-C |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| BRANDON D. JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentences Vacated In Part, and Cause Remanded

Date of Judgment Entry on Appeal:  February 26, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Matthew S. Schuh*, for Defendant-Appellant.

Please note:   this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1} In this reopened appeal, defendant-appellant Brandon D. Johnson presents two assignments of error, challenging the sentences imposed by the trial court and the effective assistance of his prior appellate counsel. Because the trial court had failed to sentence Johnson under the amended sentencing scheme of 2011 Am.Sub.H.B. No. 86 ("H.B. 86"), and had employed verdict forms that failed to comply with R.C. 2945.75, Johnson's sentences must be vacated in part.

{¶2} In early September 2011, Johnson had been indicted on multiple counts of theft and passing bad checks and a single count of aggravated theft for his role in a 2007 check-kiting scheme.

{¶3} In February and March 2012, the trial court conducted a four-week jury trial. After the jury had returned a guilty verdict for each offense, the trial court entered convictions upon the verdicts and ordered the sentences for each of the third-, fourth-, and fifth-degree-felony offenses to be served consecutively, for an aggregate prison term of 172 months. While the trial court had imposed sentences more than six months after the effective date of H.B. 86, it employed the pre-H.B. 86 property values in determining the degrees of the theft-related offenses.

{¶4} In his initial appeal, Johnson did not challenge the length of the sentences imposed, or whether they had been imposed under the pre-H.B. 86 scheme. Instead, he raised three assignments of error claiming presentence trial error. In June 2013, we overruled the assignments of error and affirmed the judgment of the trial court. *See State v. Johnson*, 2013-Ohio-2719, 994 N.E.2d 896, ¶ 1 (1st Dist.).

{¶5} In September 2014, Johnson filed a motion, under App.R. 26(B), to reopen his prior direct appeal on the basis that he had been denied the effective assistance of appellate counsel. In January 2015, we granted the motion, finding that there was a genuine issue as to whether prior appellate counsel had been

ineffective for failing to argue the trial court's failure to impose sentence in conformity with the amendments enacted under H.B. 86. Accordingly, we appointed new appellate counsel and ordered that counsel to brief the H.B. 86 issue and any other nonfrivolous assignments of error not previously considered. He has done so.

### *Verdict Forms Failed to Comply with R.C. 2945.75*

{¶6} In his first assignment of error, Johnson argues that the trial court erred in employing the pre-H.B. 86 sentencing scheme to elevate the degree of each offense that he committed. He also contends that, under R.C. 2945.75, the verdict forms employed at trial were deficient because they had failed to set out the degrees of the offenses charged and to list the proper H.B. 86 additional-value findings that elevated each offense to a higher degree.

{¶7} As noted in the entry reopening this appeal, Johnson was sentenced more than six months after the effective date of H.B. No. 86. Thus, he was entitled to have been sentenced under its provisions. *See State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 20.

{¶8} These provisions included an increase in the value thresholds required to support more serious convictions for theft-related offenses. *See Taylor* at ¶ 16. Generally, a default misdemeanor penalty applies to these offenses unless the value of the lost property reaches or exceeds a specific threshold. If the specified threshold value is reached or exceeded, the felony penalty is increased. *See* R.C. 2913.02(B)(2) and 2913.11(F). Thus, the value of property stolen under each offense is a finding that enhances the penalty for the offense. It must be submitted to the fact finder for a special finding to determine the degree of the offense. *See In re D.L.*, 1st Dist. Hamilton No. C-140711, 2015-Ohio-4747, ¶ 9; *see also State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, ¶ 28-29 (Lanzinger, J., concurring).

{¶9}     Here, in each count of the indictment, the bill of particulars, the trial court's jury charge, and the verdict forms signed by the jury, the value of the properties stolen was erroneously categorized under the pre-H.B. 86 threshold values, making the offenses of more serious degree.  *See Taylor* at ¶ 20.

{¶10}   R.C. 2945.75(A)(2) provides that:

> When the presence of one or more additional elements makes
> an offense one of more serious degree: * * * [a] guilty verdict shall
> state either the degree of the offense of which the offender is found
> guilty, or that such additional element or elements are present.
> Otherwise, a guilty verdict constitutes a finding of guilty of the least
> degree of the offense charged.

{¶11}   The Ohio Supreme Court has held that "[p]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense."  *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus; *see McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, at ¶ 13; S*tate v. Tsibouris*, 1st Dist. Hamilton Nos. C-120414 and C-120415, 2014-Ohio-2612, ¶ 30.

{¶12}   Although Johnson failed to object to the verdict forms at trial, the Ohio Supreme Court has held that there must be strict compliance with the mandates of R.C. 2945.75.  *McDonald* at ¶ 14.  Nonetheless, the state maintains that where a jury verdict fails to include the degree of the offense or the aggravating findings, this court may scrutinize the text of the indictment itself and whether it had been incorporated into the verdict form, the bill of particulars, and the evidence adduced at trial to determine if the jury had rendered a verdict in conformity with R.C. 2945.75.  *See State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970

N.E.2d 891, ¶ 19 (jury verdict form that referred to the charge in the indictment did not violate R.C. 2945.75(A)); *see also State v. Darazim*, 10th Dist. Franklin No. 14AP-203, 2014 Ohio App. LEXIS 5139, *21-22 (Nov. 28, 2014) (bench trial); *but see State v. Sims*, 1st Dist. Hamilton Nos. C-150252 and C-150253, 2015-Ohio-4996, ¶ 24 (holding that since no jury verdict is rendered in a bench trial, R.C. 2945.75 has no applicability).

{¶13}   But in its most recent pronouncement, the Ohio Supreme Court reiterated its holding in *Pelfrey* that "in cases involving offenses for which the addition of an element or elements can elevate the offense to a more serious degree, *the verdict form itself* is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed." (Emphasis added.)  *McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, at ¶ 17 (without citation to *Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891); *see Tsibouris* at ¶ 30.

{¶14}   Thus to comply with R.C. 2945.75, the signed verdict forms returned by the jury must have included either the degree of the offenses of which Johnson was convicted or a statement that an aggravating element had been found to justify convicting him of greater degrees of the theft-related offenses.  *See McDonald* at ¶ 17, quoting *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 14. The remedy for failure to include this language in the verdict form is "straightforward."  *McDonald* at ¶ 14.  Under R.C. 2945.75(A)(2), the defendant may only be convicted of the least degree of the offense charged.  *See McDonald* at ¶ 17.

### *Johnson's Sentences*

{¶15}   Johnson concedes that he was properly sentenced for passing a bad check in the amount of $14,995, as alleged in count one of the indictment.  While the verdict form submitted to the jury did not specify the degree of the offense, the

jury found beyond a reasonable doubt that the value of the check was $14,995, in the special-verdict form accompanying count one.

{¶16}   Since the special-verdict form reflects that the jury made the additional value finding necessary to elevate the degree of the offense, the verdict form complied with the dictates of R.C. 2947.75(A)(2).   Under the H.B. 86 sentencing scheme, the jury's finding of the value of the check would support the fourth-degree-felony conviction and the nine-month prison term imposed by the trial court.  *See* R.C. 2913.11(F) (passing-bad-check offense punishable as a fourth-degree felony if the check was for the payment of $7,500 or more and less than $150,000); *see also* R.C. 2929.14(A)(4).

{¶17}   But for each of the remaining 18 counts for which the trial court imposed sentence, the verdict forms did not comply with the statutory mandates of R.C. 2945.75, and the sentences imposed must be vacated.

### *The Fifth-Degree-Felony Offenses*

{¶18}   Johnson was convicted of 14 counts of theft or passing bad checks punishable as fifth-degree felonies.  For each count, the trial court imposed an eight-month prison term.

{¶19}   The jury had returned signed verdict and special-verdict forms for each count.  For example, count five of the indictment had alleged that Johnson had deprived the owners of the Stephenson Oil Co. of property or services worth $500 or more.  The verdict form employed did not specify the degree of the offense.  It provided only that, "We, the Jury, in the issue joined, find the defendant, BRANDON JOHNSON, GUILTY of Theft, as charged in Count Five of the Indictment."

{¶20}   An accompanying special-verdict form provided that if the jury returned a guilty verdict for count five, it was also to determine the value of the

stolen property. The jury was instructed to write the value of the stolen property in the blank provided on the special-verdict form. An asterisk on the form indicated that the jury was to insert "less than $500" or "$500 or more," the pre-H.B. 86 threshold amounts. The special verdict, as completed by the jury, stated that, "We the Jury, having found the defendant guilty of Theft as charged in Count 5 of the Indictment, further find beyond a reasonable doubt that the value of the property stolen was: $500 or more." The verdict form and the accompanying special-verdict form were signed by all 12 members of the jury.

{¶21} In no instance did the verdict forms employed for the fifth-degree offenses state the degree of the offense. Thus, for these offenses to be considered fifth-degree felonies, the verdict forms had to demonstrate the jury's finding of an additional or aggravating element. *See* R.C. 2945.75(A)(2); *see also Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 14. Here, that finding, under H.B 86, would require that the value of the property stolen was at least $1,000 and less than $7,500. *See* R.C. 2913.02(B)(2) and 2913.11(F).

{¶22} But the special-verdict forms signed by the jury only found that Johnson had stolen property of at least $500 in value, or had issued checks for payment of $500 or more and less than $5,000. Under this finding, employing the H.B. 86 sentencing scheme, the offenses were punishable only as first-degree misdemeanors. R.C. 2913.02(B)(2). The maximum prison term that could have been imposed was 180 days in duration, two months less than the actual term imposed. R.C. 2929.24(A)(1).

{¶23} Since the verdict forms for these offenses did not include either the degree of the offense or the value finding to support the felony convictions, the verdict forms were insufficient to convict Johnson of fifth-degree felonies. *Pelfrey* at ¶ 14; *McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, at ¶ 16. The failure to comply with R.C. 2945.75(A)(2) resulted in prejudicial error to Johnson.

Therefore, we vacate the prison terms imposed by the trial court for counts 2, 3, 4, 5, 8, 10, 11, 12, 13, 23, and 34.

{¶24} We can conclude from the special-verdict forms only that the jury made a value finding of at least $500 for each of these offenses. Under R.C. 2945.75(A)(2), the least degree of the offense charged in these counts constituted a first-degree misdemeanor based upon the jury's special-verdict finding of the value of the stolen property. On remand, the trial court is limited to imposing sentences consistent with that finding.

### The Third-Degree Offense

{¶25} In count 16, Johnson was charged with aggravated theft, punishable as a third-degree felony. The trial court imposed a two-year prison term for this offense. The verdict forms did not state the degree of the offense. Thus, for this offense to constitute a third-degree felony, the verdict forms must demonstrate the jury's finding describing the value of the property stolen. Under H.B. 86, for a theft offense to constitute a third-degree felony, the jury must make an additional finding that the value of the property stolen was at least $150,000 and less than $750,000. R.C. 2913.02(B)(2).

{¶26} Here, the special-verdict form stated, and the jury found, only that Johnson had stolen property of $100,000 or more in value. Under this finding, employing the H.B. 86 sentencing scheme, the aggravated-theft offense constituted only a fourth-degree felony. R.C. 2913.02(B)(2). The maximum prison term that could have been imposed was 18 months, six months less than the actual term imposed. R.C. 2929.14(A)(4).

{¶27} Since the verdict forms in count 16 did not include either the degree of the offense or the value element to support a third-degree felony, as required by R.C. 2945.75(A)(2), the verdict forms were insufficient to convict Johnson of a

8

third-degree felony. *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 14; *McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, at ¶ 16. The failure to comply with the statute resulted in prejudicial error to Johnson. Therefore, we vacate the prison term imposed by the trial court for count 16.

{¶28} We can conclude from the special-verdict form only that the jury made a value finding of at least $100,000. Under R.C. 2945.75(A)(2), the least degree of the offense charged in count 16 constituted a fourth-degree felony based upon the jury's special-verdict finding of the value of the stolen property. On remand, the trial court is limited to imposing punishment consistent with this finding.

### The Fourth-Degree-Felony Offenses

{¶29} For each of the three remaining offenses, charged in counts 6, 21, and 24, Johnson was convicted of theft punishable as a fourth-degree felony. For each count, the trial court imposed a nine-month prison term. As before, the verdict forms failed to state the degrees of the offenses, and the jury's special verdicts found property values below those required to sustain convictions as fourth-degree felonies. *See* R.C. 2913.02(B)(2) and 2945.75(A)(2).

{¶30} Here, the special-verdict form stated, and the jury found, only that Johnson had stolen property of $5,000 or more in value. Under this finding, employing the H.B. 86 sentencing scheme, the offenses constituted only fifth-degree felonies. R.C. 2913.02(B)(2).

{¶31} Since the verdict forms did not include either the degree of the offense or the value element to support fourth-degree felonies, as required by R.C. 2945.75(A)(2), the verdict forms were insufficient to convict Johnson of fourth-degree felonies. *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 14; *McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, at ¶ 16.

Therefore, we vacate the prison terms imposed by the trial court for counts 6, 21, and 24. *See Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, at ¶ 16.

{¶32} We can conclude from the special-verdict form only that the jury made a value finding of at least $5,000. Under R.C. 2945.75(A)(2), the least degree of the offenses charged constituted a fifth-degree felony based upon the jury's special-verdict finding of the value of the stolen property. On remand, the trial court is limited to imposing punishment consistent with this finding.

{¶33} The first assignment of error is sustained.


### Ineffective Assistance of Prior Appellate Counsel

{¶34} In his second assignment of error, Johnson argues that the "representation by [his] prior appellate counsel was deficient and that [Johnson] was prejudiced by that deficiency." App.R. 26(B)(7); *see State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998); *see also Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶35} Prior appellate counsel's failure to challenge the sentences imposed prejudiced Johnson. Therefore, the second assignment of error is sustained.

### Conclusion

{¶36} Having found that the performance of Johnson's prior appellate counsel was deficient and that he was prejudiced by that deficiency, in accordance with App.R. 26(B)(9), we vacate this court's June 28, 2013 judgment affirming the trial court. We leave intact those portions of our opinion, journalized the same day, resolving the three assignments of error raised by Johnson's prior counsel.

{¶37} We also vacate the sentences imposed by the trial court in its April 4, 2012 judgment entry, except the sentence imposed for the offense described in count one of the indictment, and remand this cause to the trial court solely for

resentencing in accordance with R.C. 2945.75(A)(2) and this opinion. We affirm the trial court's judgment in all other respects.

Judgment accordingly.

**DEWINE** and **STAUTBERG, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.