[Cite as *State v. Singer*, 2019-Ohio-3963.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

THOMAS B. SINGER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0013**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2017-CR-127

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Robert Herron*, Columbiana County Prosecutor and *Atty. Tammie Jones*, Assistant Prosecutor, 105 S. Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Stephen P. Hardwick*, Ohio Public Defender's Office, 250 E. Broad Street, Suite 1400, Columbus, Ohio 43215 for Defendant-Appellant

Dated:  September 24, 2019

**Robb, J.**

{¶1} Defendant-Appellant Thomas B. Singer appeals the judgment of the Columbiana County Common Pleas Court imposing a sentence of 10 years to life for the offense of rape of a child under 13 years of age. Appellant alleges the jury verdict failed to state the degree of the offense or an additional element under R.C. 2945.75(A)(2) and thus the verdict can only constitute a finding of guilt on the least degree of the offense. He points to the rape statute's exception to a life sentence where the offender is under the age of 16 (and other circumstances exist). Although Appellant was 68 years old when the offense was committed, he suggests this exception would apply to him because the jury verdict does not specifically show it is inapplicable. For the following reasons, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶2} On May 18, 2017, Appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b) with notice that the offense was subject to the sentencing provisions in R.C. 2971.03. The indictment alleged he engaged in sexual conduct, in March or April 2017, with a child under 13 years of age (who was not the spouse of the offender and regardless of the offender's knowledge of the victim's age). At the jury trial, the state presented testimony that Appellant confessed to performing fellatio on a twelve-year-old neighbor. After Appellant confessed, the victim was located, and he confirmed the sexual conduct. The April 4, 2017 video of Appellant's interview was played at trial. The court instructed the jury on the elements of rape as set forth in the indictment and defined sexual conduct. (Tr. 403-404).

{¶3} The jury found Appellant guilty in a verdict form which read: "We, the Jury, find the Defendant *_Guilty_ of RAPE, a violation of Ohio Revised Code 2907.02(A)(1)(b)." Sentencing proceeded immediately after trial, and the parties agreed the statutorily-mandated prison term was 10 years to life, which the trial court imposed. (Tr. 418, 421). Appellant filed a timely notice of appeal from the April 5, 2018 judgment of conviction.

ASSIGNMENT OF ERROR: SENTENCE SUPPORTED BY VERDICT

{¶4} Appellant's sole assignment of error contends:

Case No. 18 CO 0013

"The trial court erred by imposing a life sentence when the longest sentence supported by the jury's verdict is eleven years."

{¶5} Appellant was found guilty of rape in violation of R.C. 2907.02(A)(1)(b) (sexual conduct with a child under 13). Other types of rape are defined in divisions (A)(1)(a), (A)(1)(c), and (A)(2) of R.C. 2907.02. Rape is a first-degree felony. R.C. 2907.02(B). Except for certain cases, *such as where a life sentence is required*, the maximum sentence for a first-degree felony is eleven years. R.C. 2929.14(A)(1). On this point, the rape statute contains instructions for sentencing.

{¶6} For a violation of (A)(1)(b), R.C. 2907.02 provides: "Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code." R.C. 2907.02(B). The cited R.C. 2971.03 provides in pertinent part that for a violation of R.C. 2907.02(A)(1)(b), the court shall impose a minimum term of 10 years and a maximum term of life imprisonment. R.C. 2971.03(B)(1)(a) (if the victim was not under 10, the offender did not compel the child by force or threat of force, and the offender had no equivalent prior conviction). Appellant was sentenced under these provisions.

{¶7} With regards to the statement in the rape statute, "[e]xcept as otherwise provided in this division," the same division then provides for an enhanced sentence under certain circumstances[1] and a lower sentence under certain circumstances. R.C. 2907.02(B). As emphasized by Appellant, the rape statute provides for a lesser sentence as follows:

> If an offender is convicted of or pleads guilty to a violation of division (A)(1)(b) of this section, *if the offender was less than sixteen* years of age at the time the offender committed the violation of that division, and if the offender during or immediately after the commission of the offense did not cause serious physical harm to the victim, the victim was ten years of age

---

[1] A court may enhance the sentence to life without parole if the victim is under 10, there was force or threat of force, or the offender had a prior equivalent conviction. R.C. 2907.02(B). If a court could impose life without parole but does not, then the sentence is 15 to life for a victim under 10 and 25 to life if there was force or threat of force or a prior equivalent conviction. R.C. 2971.03(B)(1)(b)-(c).

or older at the time of the commission of the violation, and the offender has not previously been convicted of or pleaded guilty to a violation of this section or a substantially similar existing or former law of this state, another state, or the United States, the court shall not sentence the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, and instead the court shall sentence the offender as otherwise provided in this division.

(Emphasis added.) R.C. 2907.02(B). If these circumstances apply, then an offender who was under 16 is subject to the standard sentence for a first-degree felony under R.C. 2929.14(A)(1), which is a definite sentence from a range of 3 to 11 years.

{¶8} Although he was 68 years old at the time of the offense, Appellant contends he should have been sentenced as if the lesser sentencing provision applied to his case because the jury verdict did not specify it was inapplicable. He relies on R.C. 2945.75(A)(2), which provides:

(A) When the presence of one or more additional elements makes an offense one of more serious degree: * * *
(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

In applying this statutory provision, the Supreme Court has concluded: "Pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus (finding the defendant could only be convicted of misdemeanor tampering with records because the verdict failed to indicate the degree of the offense as a third-degree felony or contain the additional element of government records).

**{¶9}** Rejecting the state's argument on waiver[2], Appellant points to the *McDonald* Court's reassertion of its holding in *Pelfrey*: "The express requirement of the statute cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form." *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, ¶ 17, quoting *Pelfrey* at ¶ 14. "*Pelfrey* makes clear that in cases involving offenses for which the addition of an element or elements can elevate the offense to a more serious degree, the verdict form itself is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed." *McDonald* at ¶ 17 (involving the failure to specify the degree of the offense or additional aggravating elements in the verdict form to show whether failure to comply conviction was a felony or a misdemeanor).

**{¶10}** Applying R.C. 2945.75(A)(2) to the offense of rape under R.C. 2907.02(A)(1)(b), Appellant theorizes: the verdict form merely referred to rape in violation of R.C. 2907.02(A)(1)(b); the jury therefore found him guilty of sexual conduct with a child under 13 years of age; there was no indication in the verdict form that the lesser sentencing provision (for young offenders) was inapplicable; and thus, the verdict form would not justify life sentencing under R.C. 2971.03. In other words, Appellant complains the jury verdict failed to find what he calls the "additional element" that the offender was older than 15 at the time of the offense (plus, there was no physical harm, he had no prior equivalent conviction, and the victim was not under the age of 10).

**{¶11}** Alternatively, he suggests the verdict should have referred to the "degree of the offense" (as defined by Appellant) by referring to the age of the offender (or by reciting the sentence of 10 years to life or that sentencing would proceed under R.C. 2971.03[3]).

---

[2] Until the Supreme Court's *McDonald* case (relying on *Pelfrey*), some courts believed a violation of R.C. 2945.75(A)(2) could be waived, subject only to a plain error review of the entire record, due to *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891, ¶ 11 (finding the defendant forfeited all but plain error by not objecting to a jury verdict form finding him guilty of possession of drugs as charged in the indictment without naming the drug as cocaine). *See State v. Barnette*, 2014-Ohio-5405, 26 N.E.3d 259 (7th Dist.) (applying *McDonald* after reviewing the case law).

[3] As to a statutory cite in a verdict form, Appellant acknowledges a citation to a particular identifying statutory subsection may save the verdict. *See Barnette* at ¶ 32. For instance, he states the verdict form's citation to R.C. 2907.02(A)(1)(b) shows he was convicted of raping a child under the age of 13.

Recognizing all rapes are first-degree felonies, Appellant states the word "degree" in this statute does not only mean degree in the sense of first-degree felony, but it also includes the ordinary meaning of degree as severity, amount, or extent. He notes that we must construe an unclear statute in his favor pursuant to R.C. 2901.04(A). Appellant concludes we should read "the least degree of the offense charged" as "the least severe form of rape" (according to the sentence attached to the form of the offense).

{¶12} Appellant acknowledges case law against his position but claims those courts are mistaken. In *Randles*, the appellant argued the highest sentence he could receive for rape was 10 years, which was the maximum for a first-degree felony at the time; he argued this sentence would represent the "least degree" of the rape offense. The Ninth District noted the sentence for rape set forth in R.C. 2971.03 applies to a defendant convicted of R.C. 2907.02(A)(1)(b) "unless he was under the age of 16 at the time of the offense." *State v. Randles*, 9th Dist. Summit No. 26629, 2013-Ohio-4681, ¶ 9. In finding no violation of R.C. 2945.75(A)(2), the court viewed *Pelfrey* as inapplicable to rape under R.C. 2907.02(A)(1)(b) because a lacking element would mean an acquittal, not a conviction of a lesser degree of the offense. *Id.* at ¶ 8-9 ("Unlike the statute at issue in *Pelfrey*, the presence of one or more additional elements does not enhance a violation of Section 2907.02(A)(1)(b) to a higher degree.").

{¶13} Appellant notes *Randles* was issued before the Supreme Court's 2013 *McDonald* case, which found a defendant does not waive an argument under R.C. 2945.75(A)(2) and *Pelfrey.* However, *Randles* did not rely on waiver. Also, the Ninth District continues to rely on *Randles* after the Supreme Court's *McDonald* case. *See State v. Bulls*, 9th Dist. Summit No. 27029, 2015-Ohio-276. In this more recent case, the appellant argued the only way his sentence could include life (under R.C. 2971.03) was if the trier of fact made certain additional findings under R.C. 2907.02(B), including a finding as to his age at the time of his offense. *Id.* at ¶ 27. The Ninth District rejected this argument, stating the jury verdict found a violation of R.C. 2907.02(A)(1)(b) and "[b]ecause none of the other sentencing options set forth in R.C. 2907.02(B) applied to Mr. Bulls, the court was obligated to sentence him in accordance with R.C. 2971.03." *Id.,* citing *Randles.*

**{¶14}** Likewise, the Fifth District has concluded: "R.C. 2907.02(A)(1)(b) does not implicate R.C. 2945.75(A)(2) because a conviction under this statute is always a felony of the first degree. These convictions similarly do not implicate *Pelfrey* because there is no aggravating element raising the offense to one of a higher degree." *State v. Shuster*, 5th Dist. Morgan No. 13AP0001, 2014-Ohio-3486, ¶ 34 (the jury only had two alternatives on the rape counts -- convict or acquit; the lack of an element would result in an acquittal, not a conviction of a lesser degree of the offense). In addition, the Fourth District agrees: "Under R.C. 2907.02(B), a violation of section (A)(1)(b) can result only in a first-degree felony conviction. Because there are no aggravating elements necessary to enhance the degree of the offense charged, R.C. 2945.75(A)(2) does not apply * * *." *State v. Louis*, 2016-Ohio-7596, 73 N.E.3d 917, ¶ 67 (4th Dist.).

**{¶15}** Notably, R.C. 2945.75(A)(2) speaks to verdicts, not sentencing; it concludes by explaining that a violation of the statutory provision means the "guilty verdict constitutes a finding of guilty of the least degree of the offense charged." However, Appellant is not speaking of a verdict for a distinct offense; rather, he is speaking about what sentence can be imposed upon him after a guilty verdict under R.C. 2907.02(A)(1)(b) (sexual conduct with a child who was under the age of 13).

**{¶16}** Moreover, Appellant ignores the first sentence in R.C. 2945.75(A), which modifies subdivision (2): "When the presence of one or more additional elements makes an offense one of more serious degree * * *." Although this qualifier is key, Appellant omits it when he quotes the statute.

**{¶17}** Contrary to Appellant's theory, an offender's age of 16 or older is not an "additional element" that makes rape an offense of a more serious degree. The age of the offender is not an element of rape in violation of R.C. 2907.02(A)(1)(b). If an (A)(1)(b) offender was age 15 or less, he may be able to avoid the standard rape sentencing under R.C. 2971.03 (if other circumstances apply as well). The provision for offenders under 16 is an exception to the sentencing application of R.C. 2971.03 (which has life as the maximum end of the indefinite sentence). *See generally State v. Henderson*, 11th Dist. Geauga No. 2008-G-2867, 2009-Ohio-5207, ¶ 14. However, the state is not required to prove at trial and the jury is not required to determine whether the offender was 16 years

of age or older in order to allow a sentencing court to subsequently apply the standard sentencing of 10 years to life set forth in R.C. 2907.02(B) and R.C. 2971.03(B)(1)(a).

{¶18} For the foregoing reasons, Appellant's assignment of error is overruled, and the trial court's judgment is affirmed.

Waite, P.J., concurs.

D'Apolito, J., concurs.

——————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**