[Cite as *State v. Cunningham*, 2020-Ohio-3586.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,          :

                               Nos. 106109 and 108721

    v.                                       :

SELVIN R. CUNNINGHAM,                :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 2, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-614808-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel and Katherine E. Mullin, Assistant Prosecuting Attorneys, *for appellee.*

Paul W. Flowers Co., L.P.A., and Louis E. Grube; Rachel A. Kopec, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} In this reopened appeal pursuant to App.R. 26(B), Selvin Cunningham appeals his conviction of a second-degree felony of corrupting another with drugs. He contends that his second-degree felony conviction should be reduced to a fourth-

degree felony because the verdict form returned by the jury was defective pursuant to R.C. 2945.75.

{¶ 2} While his application to reopen *State v. Cunningham*, 8th Dist. Cuyahoga No. 106109, 2018-Ohio-4022 ("*Cunningham I*"), was pending before this court, Cunningham filed a "Motion [for] Revised/Corrective Judgment" at the trial court. The trial court held a limited hearing on the motion and imposed a mandatory fine for his second-degree felony. He filed an appeal from that judgment in *State v. Cunningham*, 8th Dist. Cuyahoga No. 108721, which we consolidated with the reopened appeal for disposition.

**Background**

{¶ 3} On June 15, 2017, Cunningham was indicted with corrupting another with drugs (Count 1) and promoting prostitution (Count 2). The facts leading to his indictment was summarized by this court in his direct appeal as follows:

> On February 23, 2017, Officer Stephen Krebs ("Krebs") was conducting surveillance on a Super 8 motel in Westlake, Ohio as part of his duties as a patrolman for the Westlake Police Department. Krebs learned that room 205 was rented and had been paid for in cash. He also observed that the vehicle associated with room 205 was not associated with the renter of the room. This led Krebs to continue monitoring room 205.
>
> When Krebs observed the vehicle associated with the room exit the motel's parking lot, he proceeded to follow the vehicle. Upon observing a traffic violation, Krebs conducted a traffic stop. During the stop, Krebs discovered that Cunningham, the driver of the vehicle, was driving under a suspended license. Krebs also noticed a strong odor of marijuana coming from the vehicle. Krebs detained Cunningham and conducted a search of Cunningham and an inventory search of the vehicle, which produced a Super 8 room key.

Krebs transported Cunningham back to the motel, where officers observed Demetrius Brown ("Brown") leaving room 205. Officers questioned Brown, who stated that he had been alone in the motel room. Krebs noticed that the door to room 205 was ajar and proceeded to knock on the door. A woman later identified as J.M. answered the door and provided Krebs with a false name. Krebs testified that the room was in disarray and something he suspected to be heroin was in plain sight on a table inside the room. Krebs testified that he believed that J.M. was a heroin user based on her appearance and demeanor. The officers proceeded to collect evidence from the room, including the suspected heroin from the table and other apparent drug paraphernalia located in J.M.'s purse. During a subsequent interview, J.M. told police that she had been working as a prostitute, primarily finding clients through ads posted on Backpage.com.

*Cunningham I* at ¶ 2-4 (Stewart, J., concurring in part and dissenting in part).

{¶ 4} After trial, the jury found Cunningham guilty on both counts. The trial court sentenced him to four years for corrupting another with drugs, a second-degree felony, and one year for promoting prostitution, a fourth-degree felony, to run concurrently to each other.

{¶ 5} Cunningham appealed his convictions, claiming his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. A majority of the panel affirmed his convictions.[1]

{¶ 6} We divide this consolidated opinion into two parts: the first part relates to the reopened appeal on the jury verdict form issue (Appeal No. 106109)

---

[1] The dissent disagreed with the majority's determination that the state presented sufficient evidence of corrupting another with drugs as charged in the indictment, finding there was an absence of evidence showing Cunningham provided the victim heroin with the purpose of causing her serious physical harm or with the purpose to cause her to become drug dependent.

and the second part relates to his appeal from the trial court's judgment imposing a mandatory fine after the resentencing hearing (Appeal No. 108721).

## I. Reopened Appeal (Appeal No. 106109)

{¶ 7} On December 28, 2018, Cunningham filed an application to reopen his appeal pursuant to App.R. 26(B). He claimed his appellate counsel failed to raise three additional errors for our review: the trial court erred in not finding his offenses of corrupting another with drugs and promoting prostitution to be allied offenses; the jury verdict forms for his convictions were defective in failing to state the degree of the offenses and also failed to state the additional element or elements of the charged offenses; and the trial court erred in failing to inform him of the required registration requirements as to his Tier I sexual offender status.

{¶ 8} This court rejected his assertion of ineffective assistance of appellate counsel regarding the allied offenses claim and the sex offender registration requirement issue. However, upon a review of the jury verdict form associated with Count 1, corrupting another with drugs, we found there exists a question as to whether the jury verdict form complied with R.C. 2945.75(A)(2) in light of *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, and *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374.[2]

---

[2] With regard to Count 2, promoting prostitution, this court found no prejudice existed because the trial court imposed a sentence based upon the least degree of the charged offense — a felony of the fourth degree.

{¶ 9} Consequently, we granted Cunningham's application to reopen in order to address whether Cunningham was prejudiced by the failure of appellate counsel to argue that the jury verdict form associated with conviction of corrupting another with drugs (Count 1) failed to comply with R.C. 2945.75(A)(2). *State v. Cunningham*, 8th Dist. Cuyahoga No. 106109, 2019-Ohio-3269 ("*Cunningham II*"). We assigned counsel to represent Cunningham in the reopened appeal and ordered the parties to brief the issue.

{¶ 10} Cunningham presents the following assignment of error in the reopened appeal for our review:

> Counsel provided constitutionally ineffective assistance and thereby prejudiced the defendant by failing to raise as an assignment of error that the trial court imposed a conviction of a higher degree and a prison term far greater than was permitted pursuant to R.C. 2945.75 for the degree of felony authorized by the jury's verdict forms.

{¶ 11} Cunningham claims that the jury verdict form for his conviction of corrupting another with drugs did not comply with R.C. 2945.75(A)(2), which requires that a guilty verdict must state the degree of the offense or the additional element that makes an offense a more serious degree. R.C. 2945.75 states:

> (A) the presence of one or more additional elements makes an offense one of more serious degree:
>
> (1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
>
> (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, *or that such additional element or*

*elements are present.* Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

(Emphasis added.)

{¶ 12}     Count 1 of the indictment (corrupting another with drugs) alleged that Cunningham furnished "Heroin, a Schedule I drug" to another person with the purpose to cause that individual harm or to become drug dependent. The verdict form returned for Count 1 reads as follows:

> We, the jury in this case being duly impaneled and sworn, do find the Defendant, Selvin R. Cunningham, GUILTY of Corrupting Another with Drugs in violation of §2925.02(A)(2) of the Ohio Revised Code, as charged in Count One of the indictment.

{¶ 13}     The trial court's entry regarding the verdict stated that the jury had returned "a verdict of guilty of corrupting another with drugs 2925.02(A) F2 as charged in Count(s) 1 of the indictment."

### *Pelfrey* and *McDonald*

{¶ 14}     R.C. 2945.75 requires that both the charging instruments, such as a complaint or indictment, and the jury verdict form to either state the degree of the offense or state the additional element(s) warranting a higher degree of the offense. In *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, the Supreme Court of Ohio applied R.C. 2945.75 to the offense of tampering with records. The offense of tampering with records is a first-degree misdemeanor offense but elevated to a third-degree felony if the records involved are government records. A jury found defendant Pelfrey guilty of the offense, and he was convicted of the offense as a third-degree felony. The verdict form signed by the jury, however,

did not state either the degree of the offense or a finding that the records involved were government records.

{¶ 15}    Although the verdict form mentioned the indictment, which referenced the government records, and the jury instructions addressed the government records issue, the court applied R.C. 2945.75(A)(2) and reduced Pelfrey's offense of tampering with evidence to a first-degree misdemeanor.  The court emphasized that "[b]ecause the language of R.C. 2945.75(A)(2) is clear, this court will not excuse the failure to comply with the statute or uphold [a] conviction based on 'additional circumstances.'"  *Id.* at ¶ 14.    Specifically, the failure in complying with the statute cannot be excused by showing that "the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form." *Id.*  The court held that "pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense."  *Id.*

{¶ 16}    Six years later, in *McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, the Supreme Court of Ohio reaffirmed its holding in *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, stating that "*Pelfrey* makes clear that in cases involving offenses for which the addition of an element or

elements can elevate the offense to a more serious degree, the verdict form itself is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed." *McDonald* at ¶ 17.

{¶ 17}     *McDonald* involved the offense of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331.[3]  Under the statute, the lowest degree of the offense is first-degree misdemeanor.  The offense is a felony only if the offender willfully eludes or flees a police officer: if he was fleeing immediately after committing a felony, the offense is a fourth-degree felony; if his operation of the vehicle caused a substantial risk of serious physical harm, the offense is a third-degree felony.  Defendant McDonald was indicted for a third-degree felony count of the offense for willfully eluding or fleeing a police officer and causing a substantial risk of serious physical harm by his operation of the vehicle. The jury verdict form did not indicate the degree of the offense, and it only mentioned his offense of failure to comply with an order or signal of a police officer and his operation caused a substantial risk of serious harm.  It did not mention the element of "willfully eluding or fleeing a police officer."

----

[3] R.C. 2921.331 states, in part:

(A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.

(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

**{¶ 18}** The Supreme Court of Ohio reasoned that the verdict form did not properly indicate the element of willful elusion and, without it, McDonald can only be convicted of a first-degree misdemeanor. In reaching this conclusion, the court emphasized that we look only to the verdict form signed by the jury and not "additional circumstances" such as the incorporation of the indictment into the verdict form, the evidence presented at trial, or the fact that the defendant failed to raise the inadequacy of the verdict form below, when determining whether the defendant was properly convicted of an elevated offense. *McDonald,* 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, at ¶ 17-18, citing *Pelfrey,* 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 14.

**Corrupting Another with Drugs**

**{¶ 19}** Cunningham claims that, pursuant to *Pelfrey* and *McDonald*, his conviction of corrupting another with drugs under R.C. 2925.02(A)(2) must be reversed because the verdict form did not comply with the second prong of the statutory requirement (stating "such additional element or elements [elevating the degree of the offense] are present"). As we explain in the following, Cunningham was convicted of the lowest degree of the offense and *Pelfrey* and *McDonald* are not applicable in this case.

**{¶ 20}** R.C. 2925.02(A)(2) makes it a crime to knowingly:

by any means, administer or furnish to another or induce or cause another to use a controlled substance with the purpose to cause serious physical harm to the other person, or with the purpose to cause the other person to become drug dependent.

The degree of the offense of corrupting another with drugs depends on the drug involved: the offense is a second-degree felony when the drug involved is a schedule I, II, III, IV, or V drug, with the exception of marijuana.[4] R.C. 2925.02(C)(1)-(2); and the degree of the offense is a fourth-degree felony if the drug involved is marijuana. R.C. 2925.02(C)(3).

{¶ 21} Thus, R.C. 2925.02 delineates the degree of the offense in accordance with the drug involved. The drug involved is not an "additional element" contemplated by R.C. 2945.75. Accordingly, *Pelfrey* and *McDonald* are not applicable to R.C. 2925.02. Notably, although not pertinent in this case, there is an aggravating element that makes the offense of corrupting another with drugs a more serious degree: when the offense is committed in the vicinity of a school. When the offense is committed in the vicinity of a school, the second-degree felony (when the drug involved is a schedule I, II, III, IV, or V drug other than marijuana) is elevated to a first-degree felony, R.C. 2925.02(C)(1)(b) and (C)(2)(b), and the fourth-degree felony (when marijuana is involved) is elevated to a third-degree felony. R.C. 2925.02(C)(3)(b).

{¶ 22} Therefore, although the degree of the offense is not specified in the verdict form returned by the jury, the verdict form does not run afoul of R.C. 2945.75 because heroin is not an *additional* element contemplated by the

---

[4] R.C. 2925.02 expressly mentions marijuana but refers to other drugs only as schedule I, II, II, IV, or V drugs.

statute. As delineated in the statute, when a schedule I drug is involved, the degree of the offense is a second-degree felony. Contrary to Cunningham's claim, *Pelfrey* and *McDonald* are not applicable in this case. Rather, this case is more akin to *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891, a Supreme Court of Ohio decision decided in 2012, after *Pelfrey* but before *McDonald*.

{¶ 23} In *Eafford*, the defendant was indicted for possession of cocaine (in an amount less than five grams) in violation of R.C. 2925.11(A). The state produced evidence at trial to support its allegation, and the jury was instructed to find the defendant guilty only if it found the defendant possessed cocaine. Possession of cocaine in an amount less than five grams is a fifth-degree felony, and defendant Eafford was convicted of a fifth-degree felony of the possession of cocaine. However, the jury verdict form stated the defendant was guilty of possession of drugs in violation of R.C. 2925.11(A) as charged in the indictment, without stating the degree of the offense or that the drug Eafford possessed was cocaine. On appeal, Eafford argued that because of the verdict form did not indicate the degree of the offense or specified the defendant had possessed *cocaine*, he could only be convicted of a minor misdemeanor, the lowest degree of the offense under R.C. 2925.11. The Supreme Court of Ohio rejected Eafford's claim.

{¶ 24} R.C. 2925.11 ("Possession of Drugs") states in division (A) that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Division (C) provides for the different degrees of the offense, depending on the drug involved and the amount possessed. Division (C)

has nine subdivisions; each relates to a drug. For example, subdivision (C)(3) relates to marijuana. It provides that possession of marijuana less than 100 grams is a minor misdemeanor, which is the lowest-degree of the offense for a violation of R.C. 2925.11.

{¶ 25}    Instead of applying *Pelfrey,* the court in *Eafford* did not consider the type of drug possessed by the defendant (cocaine) to be an additional or elevating element contemplated in RC. 2945.75(A)(2). Rather, the court noted the statute elevates the degree of the offense based on the amount of drug involved. The least degree of the offense for possessing cocaine is a felony of the fifth degree (when the amount of cocaine possessed in less than five grams). Eafford was convicted of a fifth-degree felony, the least degree of the offense for possessing of cocaine. Therefore, the court concluded there was no violation of the dictates of R.C. 2945.75. The court noted that the indictment alleged that Eafford possessed cocaine, expert testimony confirmed that the substance at issue tested positive for cocaine, and the trial court instructed the jury that it could not find Eafford guilty of possession of drugs as charged in the indictment unless it found the drug involved to be cocaine. Accordingly, when the jury found Eafford guilty as charged in the indictment, its finding necessarily related to possession of cocaine.

{¶ 26}    Similarly here, under R.C. 2925.02, when the drug involved in the offense is a schedule I drug such as heroin, the offense is a second-degree felony — the aggravating element of the commission of the offense in the vicinity of the school is not present in this case. Although the jury verdict form did not specify

heroin, the jury's finding that Cunningham was guilty of corrupting another with drugs necessarily related to heroin: the indictment stated Cunningham furnished "Heroin, a Schedule I drug" to the victim; at trial the state presented evidence to prove its allegation that Cunningham supplied heroin to the victim; and the trial court's jury instruction repeatedly referenced heroin as the drug involved in this case.

{¶ 27} In *State v. Emerson*, 2016-Ohio-8509, 78 N.E.3d 1199 (2d Dist.), the Second District was confronted with a similar claim that appellant could only be convicted of a fourth-degree, instead of a second-degree, felony offense of corrupting another with drugs because the verdict form did not contain the level of the offense or state that the drug involved was fentanyl. In a dicta analysis, the court expressed its belief that *Pelfrey* was inapplicable to the offense of corrupting another with drugs, reasoning that under the corrupting-another-with-drugs statute, "it is not an additional element that changes the degree of the offense; it is the statutorily classified character of the drug involved. Fentanyl is the drug upon which the charge was based." Similarly here, heroin is the drug upon which the charge was based, not an additional element contemplated in R.C. 2945.75.

{¶ 28} For all the foregoing reasons, Cunningham's claim in this reopened appeal is without merit and we affirm his conviction of a second-degree felony of corrupting another with drugs.

## II. Appeal from Limited Resentencing (Appeal No. 108721)

{¶ 29} A week before Cunningham made the instant application to reopen his direct appeal, Cunningham filed a "Motion [for] Revised/Corrective Judgment Entry of Conviction and Sentence." He requested a de novo sentencing hearing, claiming his sentencing was deficient because he was not advised of his duty to register as a sex offender and the trial court also failed to either waive or impose a mandatory fine pursuant R.C. 2929.18.

{¶ 30} R.C. 2929.18 requires the trial court to impose a mandatory fine for a first-, second-, and third-degree-felony violation of drug-related offenses. However, it provides that if the offender files an affidavit of indigency prior to sentencing and if the trial court determines the offender is unable to pay the fine, the court shall not impose the fine. Cunningham alleged that no affidavit was filed, and the trial court neither waived nor imposed a mandatory fine.

{¶ 31} The state opposed the motion in part, arguing that Cunningham was properly advised of his duty to register as a Tier I sex offender. The state, however, agreed that the trial court should hold a limited resentencing hearing for the imposition of the mandatory fine, citing *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432 (a trial court's failure to include the mandatory fine required by R.C. 2929.18(B)(1) when an affidavit of indigency is not filed with the court prior to the filing of the trial court's journal entry of sentencing, renders that part of the sentence void and resentencing is limited to the imposition of the mandatory fine).

{¶ 32}     The trial court appointed Cunningham counsel and held a limited resentencing hearing on April 9, 2019.  Cunningham, represented by counsel, appeared by videoconferencing.  While the hearing was limited to the imposition of the mandatory fine, Cunningham argued that his two offenses were allied offenses.  The trial court stated that the only issue being addressed was the imposition of the mandatory fine.  The prosecutor reported that the minimum mandatory fine for a second-degree felony was $7,500, and the court imposed the minimum mandatory fine of $7,500 for Cunningham's felony of corrupting another with drugs.

{¶ 33}     Cunningham appeals from that judgment, raising one assignment of error for our review: "Appellant received ineffective assistance of counsel."   Under the assignment of error, he claims that he received ineffective assistance of counsel because his trial counsel failed to file an affidavit of indigency to waive the mandatory fine and also failed to address the sex offender registration issue.

{¶ 34}     In order to establish a claim of ineffective assistance of counsel, the defendant must show that his trial counsel's performance was deficient in some aspect of his representation and that deficiency prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our assessment of an attorney's representation must be highly deferential and we are to indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 689.

{¶ 35}     Regarding the sex offender registration issue, Cunningham raised the same ineffective assistance of trial counsel claim in the third proposed assignment of error in his application to reopen, arguing his appellate counsel was ineffective for failing to argue in his direct appeal that the trial court failed to notify him of his registration requirement as a Tier I sex offender pursuant to R.C. 2950.03.  We have already addressed this claim in *Cunningham II*, and found it to be without merit.

{¶ 36}     Regarding the issue of the mandatory fine, Cunningham argues there is a reasonable probability that the trial court would have found him to be indigent and unable to pay the mandatory fine if his trial counsel had filed an affidavit of indigency.

{¶ 37}     This appeal is rather unique in that the trial court did *not* impose a mandatory fine when it sentenced Cunningham for his conviction of corrupting another with drugs.  The limited resentencing and the resulting appeal stemmed from Cunningham's claim that the trial court failed to impose a mandatory fine pursuant to R.C. 2929.18.[5]  Under the particular procedural posture of this case, we are unable to find counsel's performance deficient because filing an affidavit of indigency would appear to be contrary to Cunningham's own request.  "[A] criminal

---

[5] His "Motion [for] Revised/Corrective Judgment Entry" stated "[t]he record and purported judgment entry in this case reveals that the trial court did not receive any affidavit of indigency establishing that Cunningham could or could not pay the mandatory fine for his alleged drug offense F2, nor does the record shows that the trial court had waived the mandatory fine by entry in this case * * *."

defendant may not make an affirmative, apparently strategic decision at trial and then complain on appeal that the result of that decision constitutes reversible error." *State v. Doss*, 8th Dist. Cuyahoga No. 84433, 2005-Ohio-775, ¶ 7. Furthermore, a failure to file the affidavit of indigency constitutes ineffective assistance of counsel only if the record demonstrates that there exists a reasonable probability that the defendant would have been found indigent. *State v. Powell*, 78 Ohio App.3d 784, 605 N.E.2d 1337 (3d Dist.1992). Cunningham's claim that there is a reasonable probability that the trial court would have found him indigent and unable to pay the mandatory fine is speculative only. The assignment of error is without merit.

{¶ 38} Judgment affirmed in both Appeal Nos. 106109 and 108721.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, P.J., and
RAYMOND C. HEADEN, J., CONCUR